**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

In re:

WAYNE EUGENE MIDDLETON,             CASE NO.:  11-50182-LMK
                                                                         CHAPTER:  7

    Debtor.
_____/

**ORDER ON OBJECTION TO
<u>DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION</u>**

THIS MATTER came before the Court for an evidentiary hearing on October 28, 2011 on the Creditor Ron Phillips' ("Creditor") Objection to the Debtor's Claim of Exemptions (the "Objection," Doc. 74).  The Objection seeks to disallow the homestead exemption claimed by the Debtor, Wayne Eugene Middleton ("Debtor").  Having considered the arguments of counsel, the evidence presented, and the relevant cases, the Creditor's Objection is sustained for the reasons set forth herein.

**BACKGROUND**

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 4, 2011.  The Creditor filed a claim against the Debtor's bankruptcy estate based on a money judgment rendered against the Debtor.  The Creditor obtained the $785,000 money judgment in an action against the Debtor in Bay County, Florida.  The Creditor objects to the Debtor's claim of a homestead exemption on the property located at 16531 Front Beach Road, Panama City, Florida ("Panama City property").  The Debtor has claimed the exemption pursuant to Article X, Section 4 of the Florida Constitution and Florida Statutes §§ 222.01, 222.02 and 222.05.  The Creditor's Objection centers on the contention that the Panama City property is not eligible for the homestead exemption because the Debtor does not use the property in a manner consistent with the established standards for granting homestead status.

1

The Debtor purchased the Panama City property in February of 1998 as the sole owner. Prior to the acquisition, the Debtor lived with his wife ("Mrs. Middleton") at their marital home in Blakely, Georgia (the "Blakely home"). At that time, the Middletons had been married approximately 27 years and had lived in the Blakely home since 1979. On December 15, 2005, less than 30 days before defaulting on his obligation to the Creditor, the Debtor conveyed the Blakely home to Mrs. Middleton for no consideration. The Debtor claims to now reside in Panama City, Florida, but admits to spending approximately eight days a month in Georgia with his wife at the Blakely home. Mrs. Middleton continues to reside and work full-time in Blakely, Georgia and has never stated an intention of moving into the Panama City property with her husband. The Debtor and Mrs. Middleton both claim that their marriage is intact.

The Debtor holds a Florida driver's license and is registered to vote in Florida, but most of the Debtor's financial affairs revolve around the Blakely home. The Debtor's primary business is located in Blakely, Georgia. The business has a branch in Panama City, Florida, but is headquartered in Blakely, Georgia and the company car the Debtor drives is registered in Georgia. The Debtor's paychecks are deposited in a joint bank account held by him and his wife and located in Blakely, Georgia. This account is the couple's main bank account and is used to pay most of their bills, including the utility bills for the Panama City property.

Aside from his financial affairs, the Debtor continues to associate himself with Georgia for various social and personal purposes. The Debtor both attends church and receives his primary healthcare in Georgia. He keeps much of his clothing, especially dress clothes, in Georgia. Additionally, when the Debtor's son was married in 2007, the wedding announcements indicated that the Debtor was a resident of Blakely, Georgia.

The Debtor contends that he has been a resident of Florida since January of 1999. The Debtor claimed the tax exemption under Florida's homestead laws on February 26, 2007, soon after the

Creditor's lawsuit was initiated against the Debtor. The Creditor argues in the Objection that the Blakely home is the Debtor's permanent residence and that the claim of the homestead exemption on the Panama City property is an attempt to keep the property from the reach of creditors.

## DISCUSSION

State law determines the nature and existence of a debtor's property interest. *In re Sinnreich*, 391 F.3d 1295, 1297 (11th Cir. 2004) (citing *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed. 2d 136 (1979)). Thus, the Debtor's homestead exemption is determined under Florida law. 11 U.S.C. § 522(b); Fla. Stat. § 222.20. While it is well established that Florida's homestead exemption is to be liberally construed in favor of granting the exemption, the purpose of the homestead law is to protect and preserve the family home. *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So.2d 431, 432 (Fla. 1968). In the instant case, I do not find the Panama City property to be the family home that Florida's homestead laws are intended to protect.

Florida case law is clear that the homestead laws are designed to protect the place of actual residence of the Debtor and his family. Although Florida's homestead law has changed to no longer require the "head of the family" element, prior case law is still relevant to the extent that it addresses the tests for determining whether the property is being used in a manner that warrants homestead protection. In *Hillsborough Investment Co. v. Wilcox*, 152 Fla. 889, 891-92, 895 (1943), the court established that the determination of homestead eligibility is a fact-based inquiry that largely depends on the intention of the claimant to permanently reside on the property. In 1931, the Fifth Circuit stated that "[u]nder the Florida decisions, actual occupancy of a home with intention to remain there and make it the home of the family, the place of their actual use and occupancy, is essential to the homestead right." *Croker v. Croker*, 51 F.2d 11, 12 (5th Cir. 1931).

Here, the totality of the circumstances establishes that the Debtor and his family do not intend to permanently reside on the Panama City property. The Debtor's financial and social affairs center on the Blakely home. The Debtor's paychecks are deposited into the joint account located in Blakely, Georgia and the Debtor stated that his checkbook from this account remains in Georgia. Most of the bills for the Debtor and his wife, including the utility bill for the Panama City property, are paid using the checks from the joint account. The Debtor drives a company car registered in Georgia, attends church in Georgia, receives primary healthcare in Georgia and represents himself to be a resident of Georgia for numerous purposes. One court used the address listed on the Debtor's voter registration and driver's license as factors in its determination of a debtor's homestead. *See In re Alexander*, 346 B.R. 546, 551 (Bankr. M.D. Fla. 2006) (noting that the address listed on the debtor's driver's license, voter's registration card and checking accounts are all factors to be considered). However, I find that these items are not dispositive.

Further, the Debtor and his wife both claim to have an "intact marriage," but only the Debtor states that he intends to permanently reside on the Panama City property. In *Law v. Law*, 738 So.2d 522 (Fla. 4th DCA 1999), the court addressed couples living separately in "intact marriages" for Florida's homestead purposes. The court determined that when a couple is legitimately separated and lives apart in different residences, each person can claim a homestead exemption. However, the court stated that this can only be done if there is no fraudulent motive for the couple to live apart. In the case, the court held that a couple that was separated could each claim a homestead exemption when the separation was bona fide, but that "a husband and wife in an intact marriage cannot have two homesteads." *Id.* at 525. Although Mrs. Middleton has not claimed a Georgia homestead exemption, the Blakely home is where she intends to permanently reside.

Florida's homestead laws were designed to protect the family home; they were not designed to be used as an instrumentality of fraud. *In re Englander*, 95 F.3d 1028, 1031 (11th Cir. 1996) ("[T]he homestead exemption law is intended to be a shield, not a sword..."). The Debtor here is attempting to cloak the Panama City property under Florida's homestead exemption in order to use the laws as a way to keep both the primary family home in Blakely, Georgia and the part-time residence in Panama City, Florida.  Granting a homestead exemption for the Panama City property would be contrary to the public policies underlying Florida's homestead laws.  "A secondary or vacation home does not implicate the same acute public policy concerns relating to the establishment and protection of a stable, financially secure primary residence." *Reinish v. Clark*, 765 So.2d 197, 210 (Fla. 1st DCA 2000).  The evidence presented is persuasive that the Panama City property is not the primary residence of the Debtor.  The Debtor's financial and social affairs link the Debtor to the marital home in Blakely, Georgia.  Because there can be only one homestead claimed by spouses in an "intact marriage," and the evidence establishes that the Debtor has used the Panama City property only as a part-time residence, I find that the Debtor cannot claim a Florida homestead exemption.  Accordingly, it is hereby

ORDERED and ADJUDGED that the Creditor Ron Phillips' Objection to the Debtor's Claim of Exemptions (Doc. 74) is SUSTAINED.

DONE and ORDERED in Tallahassee, Florida this   22nd day of November, 2011   .

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  all parties in interest

5